## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| ERNESTO GUERRA,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>LEWIS ENERGY GROUP, L.P. and LEWIS<br>RESOURCE MANAGEMENT, LLC<br><br>*Defendants.* | Civil Action No. 5:17-cv-00916<br><br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Ernesto Guerra ("Plaintiff" or "Guerra") brings this action individually and on behalf of all Structure/Structural Welders and Pipeline Welders (hereinafter "Plaintiff and the Putative Class Members") who worked for Lewis Energy Group, L.P. and Lewis Resource Management, LLC (collectively, the "Lewis Defendants") and were paid hourly but no overtime from three years preceding the filing of the Original Complaint and through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for the Lewis Defendants at any time since September 19, 2014 through the final disposition

of this matter, and were paid hourly for all hours worked in the field, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. The Lewis Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors.

4. Plaintiff and the Putative Class Members routinely work (and worked) in excess of 40 hours per workweek; however, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. The decision by the Lewis Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6. The Lewis Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Putative Class Members performed routine and manual labor type job duties as structure/structural welders and pipeline welders in the oilfield for the Lewis Defendants and their clients.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

## II.
## THE PARTIES

10. Plaintiff Ernesto Guerra ("Guerra") worked for the Lewis Defendants within the meaning of the FLSA within the relevant three-year period. Plaintiff Guerra did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

11. The Putative Class Members include those current and former structure/structural welders and pipeline welders who worked for the Lewis Defendants at any time since September 19, 2014 and have been subjected to the same illegal pay system under which Plaintiff Guerra worked and was paid.

12. Lewis Energy Group, L.P. ("Lewis Energy") is a Delaware limited partnership, having its principal place of business in San Antonio, Texas. Lewis Energy may be served through its registered agent for service: **Tercero Navarro, Inc., at 10101 Reunion Place, Suite 1000, San Antonio, Texas 78216**.

13. Lewis Resource Management, LLC ("Lewis Resource") is a Texas limited liability company, having its principal place of business in San Antonio, Texas. Lewis Resource may be served through its registered agent for service: **Lewis Petro Properties, Inc., at 10101 Reunion Place, Suite 1000, San Antonio, Texas 78216**.

## III.
## JURISDICTION & VENUE

14. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

15. This Court has personal jurisdiction over the Lewis Defendants because the cause of action arose within this District as a result of the Lewis Defendants' conduct within this District.

---

[2] The written consent of Ernesto Guerra is attached hereto as Exhibit "A."

16. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17. Specifically, the Lewis Defendants are headquartered in San Antonio, Bexar County, Texas, which is located in this District and Division.

18. Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

19. Lewis Energy is a "vertically integrated oil and gas company" that has been "exploring, drilling and completing wells since 1983."[3]

20. To provide their services, the Lewis Defendants employed numerous workers—including the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the oilfield.

21. Plaintiff Guerra worked for the Lewis Defendants as a Structure/Structural Welder and Pipeline Welder from approximately 1989 until January 2016.

22. The Lewis Defendants paid Plaintiff and the Putative Class Members an hourly wage for all hours worked. Specifically, Plaintiff Guerra was paid $50.00 per hour worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

23. Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are **_not exempt_** from overtime, the Lewis Defendants did not pay Plaintiff and the Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

---

[3] http://www.lewisenergy.com.

24. Plaintiff and the Putative Class Members' primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites.

25. Upon information and belief, Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by the Lewis Defendants and/or their clients.

26. Upon further information and belief, Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by the Lewis Defendants and/or their clients.

27. Virtually every job function was pre-determined by the Lewis Defendants and/or their clients, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

28. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

29. Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

30. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

31. Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

32. Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

33. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of the Lewis Defendants and/or their customers.

34. The Lewis Defendants determined the number of hours Plaintiff and the Putative Class Members worked each week.

35. The Lewis Defendants set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

36. The Lewis Defendants set all employment-related policies applicable to Plaintiff and the Putative Class Members.

37. The Lewis Defendants maintained control over pricing and marketing. The Lewis Defendants also chose equipment and product suppliers.

38. The Lewis Defendants owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

39. The Lewis Defendants had the power to hire and fire Plaintiff and the Putative Class Members.

40. The Lewis Defendants made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members an hourly wage with no overtime pay.

41. The Lewis Defendants reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided tools and equipment Plaintiff and the Putative Class Members used.

42. Plaintiff and the Putative Class Members did not employ their own workers nor were they allowed to employ their own workers.

43. Plaintiff and the Putative Class Members worked continuously for the Lewis Defendants on a permanent full-time basis.

44. The Lewis Defendants, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, the Lewis Defendants paid operating expenses like rent, payroll, marketing, insurance, and bills.

45. Plaintiff and the Putative Class Members relied on the Lewis Defendants for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the hours assigned by the Lewis Defendants, performed duties assigned by the Lewis Defendants, worked on projects assigned by the Lewis Defendants, and worked for the benefit of the Lewis Defendants and their customers.

46. The Lewis Defendants paid Plaintiff and the Putative Class Members on a bi-weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of hours they were allowed to work, which was controlled by the Lewis Defendants and/or their customers.

47. The Lewis Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon the Lewis Defendants for their work.

48. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

49. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

50. The Lewis Defendants denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

51. The Lewis Defendants applied this pay practice despite clear and controlling law that states that the manual labor, technical and routine welding duties which were performed by Plaintiff and the Putative Class Members consisted of **_non-exempt_** work.

52. Accordingly, the Lewis Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA.

# V.
# CAUSES OF ACTION

**A. FLSA COVERAGE**

53. All previous paragraphs are incorporated as though fully set forth herein.

54. The FLSA Collective is defined as:

**ALL STRUCTURE/STRUCTURAL WELDERS AND PIPELINE WELDERS WHO WORKED FOR LEWIS ENERGY GROUP, L.P. AND LEWIS RESOURCE MANAGEMENT, LLC, AT ANY TIME FROM SEPTEMBER 19, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

55. At all times hereinafter mentioned, the Lewis Defendants have been joint employers employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

56. At all times hereinafter mentioned, the Lewis Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

57. At all times hereinafter mentioned, the Lewis Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

58. During the respective periods of Plaintiff and the FLSA Collective Members' employment by the Lewis Defendants, these individuals provided services for the Lewis Defendants that involved interstate commerce for purposes of the FLSA.

59. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

60. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for the Lewis Defendants and were engaged in oilfield services that were directly essential to the production of goods for the Lewis Defendants and related oil and gas companies. 29 U.S.C. § 203(j).

61. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

62. In violating the FLSA, the Lewis Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

63. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 54.

64. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of the Lewis Defendants.

## B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

65. All previous paragraphs are incorporated as though fully set forth herein.

66. The Lewis Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

67. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of the Lewis Defendants' acts or omissions as described herein; though the Lewis Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

68. Moreover, the Lewis Defendants knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

69. The Lewis Defendants knew or should have known their pay practices were in violation of the FLSA.

70. The Lewis Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

71. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted the Lewis Defendants to pay overtime in accordance with the law.

72. The decision and practice by the Lewis Defendants to not pay overtime was neither reasonable nor in good faith.

73. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

76. Other similarly situated employees have been victimized by the Lewis Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

77. The FLSA Collective Members are defined in Paragraph 54.

78. The Lewis Defendants' failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

79. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

80. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

81. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

82. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

83. the Lewis Defendants employed a substantial number of similarly situated oilfield workers since September 19, 2014. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

84. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and the Lewis Defendants will retain the proceeds of their rampant violations.

85. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

86. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 54 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against the Lewis Defendants as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 54 and requiring the Lewis Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding the Lewis Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

e. For an Order awarding the costs and expenses of this action;

f. For an Order awarding attorneys' fees;

g. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiff a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of the Lewis Defendants, at the Lewis Defendants' own expense;

j. For an Order providing for injunctive relief prohibiting the Lewis Defendants from engaging in future violations of the FLSA, and requiring the Lewis Defendants to comply with such laws going forward; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: September 19, 2017

Respectfully submitted,

**ANDERSON2X, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and Putative Class Members***